IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MARCUS DWIGHT BOOTH, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:17-CV-3-D-BR |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner MARCUS DWIGHT BOOTH has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a state prison disciplinary proceeding. At the time he filed his habeas application, petitioner was incarcerated at the Neal Unit in Potter County, Texas. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.[1]

### I. DISCIPLINARY CHARGE AND PROCEEDINGS

On July 13, 2016, in disciplinary case number 20160343814, petitioner was charged at the Neal Unit with the offense of possession of contraband, a Level 2, Code 16.0 violation of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") *Disciplinary Rules and Procedures for Offenders*. [ECF 13-2 at 5]. Specifically, the Offense Report alleged that on July 12, 2016, at 2:30 a.m., petitioner "did possess contraband, namely 2

---

[1] This Court has jurisdiction to entertain petitioner's habeas application because at the time of his application he was confined in the Neal Unit, which is located within the Northern District of Texas. *See* 28 U.S.C. § 2241(d).

bags of BBQ sauce, which is an item that is not allowed or assigned to an offender, and not bought by the offender for his use from the commissary." *Id.* As additional information in the Offense Report, Charging Officer Meaker explained: "On the date and time listed above I did observe offender Booth TDCJ No[.] 1939959 put 2 bags of BBQ sauce into an empty trash barrel and then cover it with a set of wheels, the BBQ sauce is not an item that is allowed or assigned to said offender." *Id.* During the preliminary investigation of the offense, petitioner stated, "I never possessed [n]othing." *Id.* at 6.

On July 21, 2016, petitioner was officially notified of the charges against him and indicated he wanted to attend the disciplinary hearing. *Id.* at 9. During counsel substitute's investigation of the offense, petitioner stated, "I did not have anything. It was found in a bucket. 10 other [inmates] were there." *Id.*

On July 25, 2016, a Disciplinary Hearing Officer ("DHO") conducted a disciplinary hearing on the alleged charges. At the hearing, petitioner stated:

> I work in the scullery on the left side. I went in [and] started setting up my area, [but] there was no trashcan [sic] and I had a whole bunch of trays I needed to empty. I looked around and there was two trashcans over by the door. I went and looked inside and those two bags [of barbeque sauce] were in that trashcan. So all I did was pick it up and look. This one was full of all kind[s] of other stuff, uh, wheels. So I just put that in there, took the empty trashcan, went back to my area, and finished doing what I'm supposed to do.

[ECF 14, Disciplinary Hearing CD]. At the hearing, the Charging Officer confirmed that the conduct allegations in the Offense Report were true and correct. *Id.* The Charging Officer then testified that on July 12, 2016, she observed petitioner lowering two bags of barbeque sauce into a trashcan. *Id.* The Charging Officer further testified that she observed petitioner place a set of wheels on top of the two bags of barbeque sauce. *Id.* At the conclusion of the hearing, the DHO found petitioner guilty of the charged offense based on the Charging Officer's Offense Report

and hearing testimony, and assessed punishment that included the forfeiture of fifteen (15) days previously accrued good time credit. *Id.*[2]

On July 28, 2016, petitioner filed a Step 1 grievance arguing:

1. Petitioner was denied due process because neither the evidence nor photographs of the evidence were presented at the disciplinary hearing, contrary to Rule VI.B.1. of the *Disciplinary Rules and Procedures for Offenders*;

2. The evidence was insufficient because neither the evidence nor photographs of the evidence were presented at the disciplinary hearing, contrary to Rule VI.B.1.;

3. The penalty was too severe because petitioner was restricted to his cell even though he was not punished with cell restriction, contrary to TDCJ policy;

4. The reason for punishment given by the DHO did not comply with TDCJ policy and rules; and

5. The disciplinary hearing was not held within seven (7) days of the alleged violation, contrary to TDCJ policy.

[ECF 13-1 at 3-4]. On August 11, 2016, petitioner's first Step 1 grievance was denied with the following response:

> Major Disciplinary Report # 2016034814 and all related investigative documentation has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within Agency guidelines. Furthermore, Officer Me[a]ker is the one that watched you place the bags of barbeque sauce in the trash can and cover it with the wheels for the trash cans and stealing will not be tolerated. No further action is warranted in this matter.

*Id.* at 4.

On or about August 17, 2016, petitioner filed a Step 2 grievance arguing:

---

[2]Other punishment with which petitioner was assessed—petitioner's 45-day loss of recreation, commissary, and telephone service privileges—constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997).

1. The warden's finding that all due process requirements were satisfied is inconsistent with Rule VI.B.1. because neither the evidence nor photographs of the evidence were presented at the disciplinary hearing;

2. The warden's finding that the guilty verdict was supported by the preponderance of the evidence is incorrect because neither the evidence nor photographs of the evidence were presented at the disciplinary hearing;

3. The warden's finding that the punishment assessed by the DHO was within agency guidelines is incorrect because petitioner was restricted to his cell even though he was not punished with cell restriction, contrary to TDCJ policy;

4. The warden's finding that all due process requirements were satisfied is also incorrect because the disciplinary hearing was not held within seven (7) days of the alleged violation, contrary to TDCJ policy;

5. The DHO failed to provide justification for the punishment with the specificity required by TDCJ policy; and

6. The warden's finding that Officer Meaker watched petitioner place the two bags of barbeque sauce in the trashcan is insufficient to support the guilty verdict because Rule VI.B.1. was not satisfied.

*Id.* at 5-6. Petitioner's Step 2 grievance was returned to him unprocessed with the following statement from the Unit Grievance Investigator: "You have to submit your [a]nswered Step 1 w[ith] your Step II. Also if you submit any grievances that are carbon copied it will get returned as 'original not submitted.' " *Id.* at 6.

On January 4, 2017, petitioner placed the instant habeas petition challenging the disciplinary proceeding decision in the prison mailing system, such application being received by the Court and file marked on January 5, 2017. [ECF 3].

## II. PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated as a result of the disciplinary decision and loss of good time punishment because:

1. Petitioner's right to due process was violated because neither the evidence nor photographs of the evidence were presented at the disciplinary hearing, contrary to Rule VI.B.1.;

2. The evidence was insufficient to support the guilty verdict because neither the evidence nor photographs of the evidence were presented at the disciplinary hearing, contrary to Rule VI.B.1.;

3. Petitioner's punishment is illegal and excessive because petitioner was restricted to his cell even though he was not punished with cell restriction, contrary to TDCJ policy;

4. Petitioner's right to due process was violated because the disciplinary hearing was not held within seven (7) days of the alleged violation, contrary to TDCJ policy; and

5. Petitioner's right to due process was violated because the DHO failed to justify in writing a legitimate reason for the guilty verdict, the major level of punishment, and the punishment range with specificity.

[ECF 3 at 6-7].

### III. EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Consequently, no relief may be granted unless petitioner has first exhausted the remedies available in the state courts, or an exception to exhaustion exists. Petitioner's habeas application may, however, be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3] Consequently, an

---

[3] Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671 (Tex. Crim. App. 1988).

inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259-60 (5th Cir. 2001).

"Procedural default . . . occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (quoting *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004)). "Federal habeas review of procedurally defaulted claims is barred 'unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.' " *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

"In Texas, prison grievances involve a two-step process. The inmate first files a Step 1 grievance, in which he must state the grievance and his proposed relief. If relief is denied, the inmate may then file a Step 2 grievance appealing the denial." *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012). "[A] prisoner must pursue a grievance through both steps for it to be considered exhausted." *Johnson v. Johnson*, 385 F.3d

503, 515 (5th Cir. 2004) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).[4]

"[The] TDCJ has promulgated a detailed, complex and carefully thought-out program to facilitate the filing of grievances and assure their prompt, dispassionate investigation." *Wright*, 260 F.3d at 358. The grievance procedures in effect at the time petitioner filed his Step 1 and Step 2 grievances are contained within the April 2016 version of the TDCJ-CID *Offender Orientation Handbook*. [ECF 22-1 at 87-89]. Among other things, the *Offender Orientation Handbook* provides: "Step 2 appeals must be accompanied by the original, answered Step 1." *Id.* at 87 (emphasis omitted). The *Offender Orientation Handbook* further provides: "Grievances that do not meet the following established screening criteria may be returned to [the inmate] unprocessed. . . . Originals not submitted. (Carbon copies are not considered originals even if they have an original signature. The original answered Step 1 must be submitted with a Step 2 Appeal.)." *Id.* at 88. An inmate may correct and resubmit an unprocessed grievance "within 15 days from the 'Date Returned to the Offender' noted in the 'OFFICE USE ONLY' box on the back of the grievance form on the returned grievance.' " *Id.*

In this case, respondent argues that all of petitioner's claims are unexhausted and procedurally barred, and should be denied. The Court agrees. Petitioner filed a Step 1 grievance which was denied and returned August 11, 2016. Petitioner subsequently attempted to file a Step 2 grievance. However, that Step 2 grievance was returned to petitioner unprocessed because petitioner failed to attach his original answered Step 1 grievance to his Step 2 grievance.[5] "It

---

[4] The Court notes that a standalone Step 2 grievance may be sufficient to exhaust administrative remedies under circumstances in which prison authorities deny the standalone Step 2 grievance on the merits. *See Levi v. Davis*, No. 2:16-CV-142, 2018 WL 3545190, at *3 (N.D. Tex. June 27, 2018) (declining to dismiss petitioner's Step 2 grievance claims as unexhausted where "prison authorities did not deny petitioner's Step 2 grievance based upon any failure to present claims in his Step 1 grievance but, instead, denied the Step 2 grievance on the merits"), *report and recommendation adopted*, No. 2:16-CV-142-D, 2018 WL 3537874 (N.D. Tex. July 23, 2018).

[5] The Court notes that the Step 2 grievance form filed by petitioner conspicuously provides: "You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted." [ECF 13-1 at 5] (emphasis omitted).

thus appears to the Court that petitioner's claims were never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting his claims to state authorities." *Mathis v. Dretke*, No. 2:03-CV-0281, 2005 WL 2291914, at *2 (N.D. Tex. Sept. 16, 2005); *Ascencio v. Dretke*, No. 2:02-CV-0266, 2005 WL 877906, at *1 (N.D. Tex. Apr. 15, 2005) (same).[6]  Petitioner has not shown that any exception to this exhaustion requirement exists.  Nor has petitioner demonstrated cause for the procedural default and actual prejudice resulting from the default, or that failure to consider petitioner's claims will result in a fundamental miscarriage of justice.  It is therefore recommended that petitioner's habeas petition be denied.

## IV.  RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MARCUS DWIGHT BOOTH be DENIED.

---

[6] Although the "OFFICE USE ONLY" box located on the back of petitioner's returned Step 2 grievance is undated, *see* [ECF 13-1 at 6], petitioner is well beyond the 15 day time-limit to correct and resubmit the unprocessed grievance.  The Court notes that because petitioner appended a copy of the unprocessed grievance to his January 4, 2017, habeas application, *see* [ECF 3 at 12-13], he necessarily received the unprocessed grievance by that date.

## V.  INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 10, 2019.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).